Noelle E. Dwarzski OSB 131866
McKenzie Rothwell Barlow & Coughran, P.S.
1325 Fourth Ave., Ste. 910
Seattle, WA 98101
(206) 224-9900
noelled@mrbclaw.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT PORTLAND

| | |
|---|---|
| **BOARDS OF TRUSTEES OF THE AGC-OPERATING ENGINEER HEALTH AND WELFARE FUND; OPERATING ENGINEERS PENSION FUND; and INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 701-AGC TRAINING TRUST FUND,**<br><br>    Plaintiffs,<br>  v.<br><br>**AXIS CRANE LLC,** an Oregon Limited Liability Company, Oregon Registry No. 088717-90,<br><br>    Defendant. | Case No.<br><br>COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT AND DELINQUENT CONTRIBUTIONS (ERISA) |

For their complaint, the plaintiffs allege as follows:

### I. PARTIES, JURISDICTION & VENUE

1. Plaintiffs are the Boards of Trustees ("Board of Trustees" or "Trustees") of the AGC-International Union of Operating Engineers Local 701 Health and Welfare Fund ("Health Fund"), AGC-International Union of Operating Engineers Local 701 Pension Fund ("Pension

COMPLAINT– 1

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

857.000 004 ue061207

Fund"), and the AGC-International Union of Operating Engineers Local 701 Training Trust Fund ("Training Fund")(collectively referred to as "the Trust Funds").

2. The Health and Training Funds are "employee welfare benefit plans" as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1002(1). The Pension Fund is an "employee pension benefit plan" as that term is defined in Section 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A).

3. The Trust Funds are "multiemployer plans" as that term is defined in Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

4. The Trustees of the Trust Funds have discretionary authority and control over the management of the Trust Funds and are "fiduciaries" as that term is defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

5. The Trust Funds act as a collection agent for vacation funds, union dues and ancillary funds.

6. Defendant Axis Crane LLC (hereafter "Axis Crane"), is an Oregon limited liability company. At all times material to this proceeding Defendant Axis Crane has been an "employer" as that term is defined in 29 U.S.C. § 152(2) of the Labor-Management Relations Act (LMRA) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and Section 3(12) of ERISA, 29 U.S.C. § 1002(12).

7. At all times material to this proceeding, Axis Crane has been signatory to a written collective bargaining agreement ("CBA") with the International Union of Operating Engineers Local 701 ("Local 701").

COMPLAINT– 2

857.000 004 ue061207

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

8.  The CBA obligates Axis Crane to submit monthly fringe benefit contributions to the Trust Funds for the covered hours worked by its employees. The CBA further incorporates the terms and conditions of the Trust Agreements, as amended, that governs each of the respective Trust Funds.

9.  The Court has subject matter jurisdiction over all Claims for Relief brought by the Board of Trustees of the Trust Funds against Axis Crane for violation of the Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, pursuant to Section 502(e)(1)of ERISA, 29 U.S.C. § 1132(e)(1). The Court also has jurisdiction over all Claims for Relief brought by the Trust Funds against Axis Crane pursuant to the provisions of 29 U.S.C. § 185(a) of the LMRA.

10. Pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), venue is proper in this district, the district in which the Trust Funds are administered.

## II.  CLAIM FOR RELIEF: UNPAID FRINGE BENEFIT CONTRIBUTIONS

11. At all times material to this proceeding Axis Crane has been bound by a written collective bargaining agreement ("CBA") with the International Union of Operating Engineers Local 701 ("Local 701"). Under the terms of the CBA, Axis Crane agrees to be bound by the terms and conditions of the Trust Agreements which created the Trust Funds.

12. Pursuant to the terms of the CBA, and incorporated Trust Agreements, Axis Crane agreed to file monthly remittance report forms, pay fringe benefit contributions on behalf of its employees performing work under the CBA to the Trust Funds, and to remit union dues and other ancillary funds by the 20th day of the month following the month in which the work was performed.

13. The Trust Agreements, which created the Trust Funds, and the Delinquency

COMPLAINT– 3

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

857.000 004 ue061207

Procedures, provide that in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for the delinquent fringe benefit contributions, interest on the delinquent fringe benefit contributions assessed at twelve percent (12%) per annum from the date the contributions became due until paid and liquidated damages in an amount equal to ten percent (10%) of the delinquent or late paid fringe benefit contributions for each month that the fringe benefit contributions are late or delinquent.

14. Local 701 is entitled to recover the union dues pursuant to the terms of the collective bargaining agreement and interest on the delinquent or late paid union dues from the date payment became due until paid at the rate of nine percent (9%) per annum pursuant to the provisions of ORS 82.010.

15. Axis Crane has failed to timely file and pay its contributions to the Trust Funds, its ancillary funds, and its union dues.

16. On April 23, 2019, an audit of Axis Crane's payroll records was issued covering the period of May 1, 2013 through December 31, 2016. The audit determined that a total of $87,166.35 is owing comprised of $76,482.33 in contributions, $15,354.29 in interest at twelve percent (12%), per annum (through May 20, 2019), $6,485.03 in liquidated damages, and $862.50 in audit fees.

17. Axis Crane also owes $159,520.24 in unpaid employee contributions for March 2019, $15,865.09 in liquidated damages, plus additional interest at twelve percent (12%), per annum from April 20, 2019 through the date of payment.

18. Axis Crane owes an unknown amount for April 2019 through current, to be proved upon motions or at trial.

19. The Trust Agreements that created the Trust Funds provide that, in the event that

COMPLAINT– 4

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

857.000 004 ue061207

an employer fails to timely pay fringe benefit contributions and legal proceedings are instituted, the Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fee.  The Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fee from Axis Crane.

20. The Trustees of the Trust Funds are also entitled to recover a reasonable attorneys' fee from Axis Crane pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

### III.   SECOND CLAIM FOR RELIEF: AUDIT OF PAYROLL RECORDS TO DETERMINE COMPLIANCE WITH CONTRIBUTION OBLIGATIONS

21. The Trust Funds re-allege the facts set forth in paragraphs 1 through 20 above as if stated fully herein, and further allege as follows:

22. At all material times, Axis Crane, was, and is, obligated to perform in accordance with the terms of the CBA, and the incorporated Trust Agreements.

23. Axis Crane's CBA, and the incorporated Trust Agreements, authorize the Trust Funds to audit contributing employers' books and records.

24. ERISA permits a fiduciary to bring suit to bring redress violations of the Trust Agreement or enforce provisions of the Trust Agreement.  ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

25. Pursuant to ERISA and the Trust Agreements, the Boards of Trustees are entitled to an award from this court ordering Axis Crane to turn over the documents and payroll records necessary to complete an audit of its payroll records for the audit period of January 1, 2017 through current and otherwise comply with the payroll audit provisions of the Trust Agreements.

COMPLAINT– 5

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

857.000 004 ue061207

26. The Boards of Trustees request documents and payroll records necessary to complete an audit of Axis Crane's books and records for the period of January 1, 2017 through current.

27. The Boards of Trustees further request an order of payment of any amounts determined to be owed to the Trust Funds and ancillary funds for audit period of January 1, 2017 through current.

28. The Boards of Trustees further request an order of all audit costs and attorney fees for having to bring suit.

## IV.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for a decree and judgment against Axis Crane LLC as follows:

1. Judgment against Axis Crane in the amount of $87,166.35 comprised of $76,482.33 in contributions, $15,354.29 in interest at twelve percent (12%), per annum (through May 20, 2019), $6,485.03 in liquidated damages, and $862.50 in audit fees for the May 1, 2013 through December 31, 2016 audit period;

2. Judgment against Axis Crane $159,520.24 in unpaid employee contributions for March 2019, $15,865.09 in liquidated damages, plus additional interest at twelve percent (12%), per annum from April 20, 2019 through the date of payment;

3. Judgment against Axis Crane for the delinquent period of April 2019 through the date of the entry of judgment, plus liquidated damages, and interest to be determined upon motions or at trial;

4. An order requiring Axis Crane to submit to an audit and provide all the documents and payroll records necessary to complete an audit of its books and records for the period of January 1, 2017 through current;

COMPLAINT– 6

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

857.000 004 ue061207

5. Against Axis Crane for all amounts found to be due and owing for the audit period of January 1, 2017 through current;

6. Judgment against Axis Crane for audit costs, collection and litigation costs and attorney fees;

7. For such further relief as the Court deems just and equitable.

DATED this 8th day of May, 2019

                                        *s/ Noelle E. Dwarzski*
                                        Noelle E. Dwarzski OSB 131866
                                        McKenzie Rothwell Barlow & Coughran, P.S.
                                        1325 Fourth Ave., Ste. 910
                                        Seattle, WA 98101
                                        (206) 224-9900
                                        noelled@mrbclaw.com

COMPLAINT– 7

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

857.000 004 ue061207